Filed 7/31/14  In re David H. CA5

<u>**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

|  |  |
|---|---|
| In re DAVID H., a Minor. | |
| CHERYL W., | F068866 |
| Petitioner and Respondent, | (Super. Ct. No. VPR043563) |
| v. | |
| KATHLEEN H., | **O P I N I O N** |
| Objector and Appellant. | |

<u>**THE COURT**</u>*

APPEAL from orders of the Superior Court of Tulare County.  Melinda Myrle Reed, Judge.

Linda J. Conrad, under appointment by the Court of Appeal, for Objector and Appellant.

David Minyard, for Petitioner and Respondent.

-ooOoo-

Kathleen H. (mother) appealed from a February 2014 order terminating parental rights (Prob. Code, § 1516.5) to her seven-year-old son David (child).  After reviewing the entire record, mother's court-appointed appellate counsel informed this court she

---

* Before Cornell, Acting P.J., Kane, J., and Detjen, J.

could find no arguable issue to raise on mother's behalf. Counsel requested and this court granted leave for mother to personally file a letter setting forth a good cause showing that an arguable issue of reversible error did exist. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844.)

Mother has since submitted a letter in which she claims, without any explanation, that "there was missed information." She adds she was not notified by mail of court dates and was not served properly with any paperwork. She concludes she would like a new trial, adding that she is a good mother and is doing whatever she can for her son.

We conclude mother has not made a good cause showing that an arguable issue of reversible error does exist.

## PROCEDURAL AND FACTUAL SUMMARY

In 2007, the superior court granted a probate guardianship for one-year-old David to his paternal grandmother. Although mother had opposed the guardianship, she did not appeal the superior court's decision.

More than five years later, David's guardian petitioned to terminate parental rights to the child. A court-ordered investigation into the petition concluded it was in David's best interest to terminate parental rights because he would benefit from adoption.

David last saw his mother in April 2007, as she was awaiting criminal sentencing, which never came to fruition. It was at that time that she voluntarily relinquished custody of him. The two last spoke over the telephone in April 2012. Mother never sought legal visitation rights with David throughout the years.

There was overwhelming evidence that David and his guardian had a solid, stable and long-term relationship. He was very attached to his guardian, called her his mother and was comfortable in her presence. The evidence was also uncontroverted that he was doing well in his guardian's home and progressing nicely in school.

Meanwhile, mother had a history of drug use and serious mental health issues.

2

Following a contested trial, the superior court found clear and convincing evidence that it was in David's best interest to be freed for adoption.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to an appellant to raise claims of reversible error or other defect and present argument and authority on each point made. If an appellant does not do so, the appeal may be dismissed. (*In re Sade C*. (1996) 13 Cal.4th 952, 994.)

As previously mentioned, mother claims that there was missed information and adds she was not notified by mail of court dates and was not served properly with any paperwork. She however fails to explain what she means by missing information or lack of proper notice. Further, regarding her claim that she was denied proper notice, she fails to cite any supporting evidence from the appellate record.

As it is not this court's obligation to search the appellate record to support her claims (*In re Sade C., supra,* 13 Cal.4th at p. 994), we conclude mother has not made a good cause showing that an arguable issue of reversible error does exist.

## DISPOSITION

This appeal is dismissed.

3